JOSEPHINE MITCHELL *v.* SAM E. HILL, ET AL.

**Wife's Property—Separate Estate—Waiver by Husband of Marital Rights.**

> So long as the wife's choses-in-action have not been actually reduced to possession the husband may waive his marital right, and agree with his wife that it shall, when received, be held for her separate use, and such an agreement will be upheld and enforced.

APPEAL FROM OHIO CIRCUIT COURT.

November 16, 1877.

OPINION BY JUDGE COFER:

There is nothing in the petition which shows that the buggy in question was the separate property of Mrs. Mitchell. That it was received in lieu of a certain sum of money due her as one of the distributees of her father's estate does not make it separate estate, any more than the sum of money would have been if it had been received just as the buggy was.

So long as the wife's choses-in-action have not been actually reduced to possession the husband may waive his marital right and agree with his wife that it shall, when received, be held for her separate use, and such agreement, if clearly established, will be upheld and enforced. But no such agreement was alleged in this case, the wife's right being made to rest solely on the fact that the buggy was received as part of her patrimony. It is alleged that it was her separate property, but that is only a conclusion of the pleader, and as the facts stated do not show that it was separate estate the mere allegation that it was such was insufficient.

In all the cases cited by counsel the property held by the wife was received under an agreement that either in terms made it separate estate, or under circumstances which showed clearly that it was intended to be so held.

No agreement or circumstances equivalent to an agreement being alleged the demurrer was properly sustained. Judgment *affirmed.*

*Walker & Hubbard, for appellant.*
*McHenry & Hill, for appellees.*